MARDIROS VARTANIAN *vs.* N. Y., N. H. & H. R. R. COMPANY.

PROVIDENCE.—OCTOBER 14, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Master and Servant.   Notice of Defect.*

Although a defendant may not be the owner of the instrumentality causing the injury, nor responsible for its condition, yet after notice of its defective condition it is bound to use reasonable care that its servants shall not be injured thereby.

(2)  *Master and Servant.   Duty to Provide Safe Place.   Vice-principal.*

The rule of liability as to a master, for the acts of his servant, is that the character of the act, and not the position which a servant holds, is the decisive test.   It is the master's duty to see that the place of employment is reasonably safe for the servant to work in it.   If this duty is entrusted to an employee, the latter stands in the place of the principal.

TRESPASS ON THE CASE for negligence.   Heard on petition of plaintiff for a new trial, and petition granted.

STINESS, C. J.   The plaintiff petitions for a new trial, upon the ground that the direction of a verdict for the defendant was erroneous.

The action is for injuries caused by the alleged negligence of the defendant.

The railroad company has a pier where it receives and unloads cargoes of coal for transportation by rail.

The pier and the unloading were in charge of a foreman, who directed the placing of vessels, which had to be brought under the company's derricks.

The barge on which this accident happened was divided into three parts, separated by bulkheads extending to the bottom of the hold, a depth of about eighteen or twenty feet.

Some coal had been removed from all three of the bins before the accident, which occurred on Monday, May 14, 1900. On the previous Friday evening a passing steamer had caused the barge to lurch and break the iron strap and rivets which held the stanchion supporting the bulkhead between the forward and middle bins, and on Saturday the captain notified the defendant's foreman of the fact, and told him to take the coal from the middle bin. This was done on Saturday to the extent of taking the coal about half-way down, leaving coal in that bin about eight feet deep. The forward bin had been shovelled down almost to the floor at the time of the accident. On Monday, the day of the accident, the foreman gave orders to move the barge, so as to give room for another vessel, and this moving brought the forward bin under the derrick. There were doors in the bulkhead, about eight feet wide and high on each side of the keelson, to let coal in from the middle to the forward bin, to be shovelled up in the forward bin from the bottom. While the men, of whom the plaintiff was one, were cleaning the bottom of the forward bin and had opened the door, the bulkhead gave way, letting in the coal upon the plaintiff, both covering and injuring him, for which injury he sues.

(1) The first ground taken by the defendant in support of the direction of a verdict in its favor is that it owed no duty to the plaintiff, because it did not own the barge and was not responsible for its condition. This might be true if the defendant had merely unloaded the barge, without knowledge of any defect; but after notice of the defect the defendant was bound to use reasonable care accordingly. It was expressly notified to take the coal from the middle bin, to relieve the pressure upon the weakened bulkhead. It recognized this duty by

proceeding to do it until the middle bin was half unloaded, when, to accommodate another vessel, it transferred the unloading to the forward bin. It may have been thought that enough had been taken out to relieve the pressure; but, after knowledge of the danger, it appears that no inspection was made as to the safety of the bulkhead, and no warning was given to the men. The foreman was not present at the time the barge was moved, but he says he ordered it done. In this (2) act he represented the defendant. According to the principles stated in *Hanna* v. *Granger*, 18 R. I. 507, it was the master's duty, after notice of danger, to see that the place was reasonably safe for the men at work in it. If this duty is entrusted to an employee, the latter stands in the place of the principal as to such duty. The danger was not obvious to the workman, as in *Larich* v. *Moies*, 18 R. I. 513, for here the bulkhead was standing, apparently safe, until the movement of the coal, on opening the doors, pushed it out.

Undoubtedly there are many cases in which a servant, standing in the place of a principal, may be negligent as to the doing of some act which is not within the sphere of a master's supervision. But the rule of liability recognized in this court is that the character of the act and not the position which a servant holds, who as to some things may be a vice-principal and as to others a servant, is the decisive test. *Hanna* v. *Granger, supra.* Most of the authorities relied on by the defendant are those which hold that a master is not liable for the negligence of a servant, where the thing done or omitted was one of service merely, and not one within the scope of a master's liability. There are many cases where the line between acts of a master and a servant is not clear, and hence there are some which seem to hold that under similar circumstances a master is not liable for a negligent direction by a foreman. But having laid down the rule that the character of the act is the test of liability as to the master, which we see no reason to change, it follows that in this case the master is liable, because the duty of inspection was a clear one, devolving on the master and entrusted to the foreman by virtue of his authority as to the work to be done. This being

so, it is needless to review the cases cited by the defendant. On the testimony of the plaintiff the duty of seeing to the safety of the place, or of warning the workmen, was that of the defendant, the negligence was that of a servant standing in its place for this purpose, and there was negligence on his part.

The plaintiff therefore was entitled to go to the jury, and his petition for a new trial must be granted.

*Clarke H. Johnson and George T. Brown,* for plaintiff.
*David S. Baker and Lewis A. Waterman,* for defendant.